CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

July 2, 2018

LETTER TO COUNSEL:

    RE:    *Wendy Pine v. Nancy A. Berryhill, Acting Commissioner of Social Security*[1]
            Civil No. TJS-17-1897

Dear Counsel:

    On July 10, 2017, Plaintiff Wendy Pine ("Ms. Pine") petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 15 & 18.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny Ms. Pine's motion and grant the Acting Commissioner's motion. This letter explains my rationale.

    In her applications for DIB and SSI, Ms. Pine alleged a disability onset date of November 1, 2010. (Tr. 10, 199-202, 203-208.) Her applications were denied initially and on reconsideration. (Tr. 10, 115-28.) A hearing was held before an Administrative Law Judge ("ALJ") on December 8, 2016, and the ALJ found that Ms. Pine was not disabled under the Social Security Act. (Tr. 7-23, 24-58.) The Appeals Council denied Ms. Pine's request for review (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

    The ALJ evaluated Ms. Pine's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Ms. Pine was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since March 31, 2013. (Tr. 12.) At step two, the ALJ found that Ms. Pine suffered from the following severe impairments: lumbar stenosis and peripheral neuropathy. (*Id.*) At step three, the ALJ found that Ms. Pine's impairments, separately and in combination, failed to meet or

---

    [1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

    [2] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On May 8, 2018, the case was re-assigned to me.

equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 14.) The ALJ determined that Ms. Pine retained the RFC

> to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except occasional climbing of ladders, ropes, or scaffolds; occasional stooping, crouching, crawling, or kneeling.

(Tr. 14.)

At step four, relying on the testimony of a vocational expert, the ALJ determined that Ms. Pine was able to perform past relevant work as a retail manager and a mortgage loan officer. (Tr. 17.) Therefore, the ALJ found that Ms. Pine was not disabled under the Social Security Act. (Tr. 29.)

Ms. Pine raises two arguments in this appeal. First, she argues that the ALJ failed to explain the weight that was given to the medical opinions of two State agency consulting physicians. (ECF No. 15-1 at 6-7.) Second, she argues that the ALJ improperly relied on the opinions of non-examining State agency physicians because those opinions did not take into account medical evidence that post-dated the opinions. (*Id.* at 8-9.) I will address these arguments in turn.

Ms. Pine first argues that the ALJ did not properly explain the weight assigned to the medical opinions of two State agency consultants, Dr. Biddison and Dr. Hakkarinen. (ECF No. 15-1 at 6-7.) In the decision, the ALJ stated that Dr. Biddison, a State agency consultant, "found that the claimant had retained the ability to perform work at a light exertional level, noting that she had some degree of sensory neuropathy but no significant motor impairment." (Tr. 17.) The ALJ's decision does not expressly state the amount of weight given to this opinion. In addition, the ALJ did not cite to the opinion of Dr. Hakkarinen or assign any weight to this opinion. (*See* ECF No. 15-1 at 7.) Ms. Pine argues that the ALJ's failure to assign weight to the opinions of Dr. Biddison and Dr. Hakkarinen was a violation of the directives of 20 C.F.R. §§ 404.1527(b) and 416.927(b), which require adjudicators to "always consider the medical opinions in [the claimant's] case record together with the rest of the relevant evidence" in the record. Because the ALJ did not explain the weight accorded to these medical opinions, Ms. Pine argues that the ALJ's decision is not supported by substantial evidence.

The ALJ's failure to expressly assign weight to the opinions of Dr. Biddison and Dr. Hakkarinen is not an error that precludes meaningful review. *See McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) ("[T]here is no requirement that each practitioner's opinion be explicitly addressed, where implicit assignments of weight can provide an opportunity for meaningful review.") Here, it is clear that the ALJ considered Dr. Biddison's opinion. (Tr. 17.) Although the ALJ did not explain how much weight she assigned to this opinion, the ALJ's RFC assessment is almost identical to that contained in Dr. Biddison's determination. (Tr. 14, 97-114.) The same is true for Dr. Hakkarinen's opinion, which was not addressed in the ALJ's decision. Dr. Hakkarinen's determination about Ms. Pine's functional limitations is nearly identical to Dr. Biddison's determination and the ALJ's RFC assessment. (Tr. 69-76.) Had the ALJ made an express assignment of weight to the opinions of

2

the State agency consultants, this Court's review of the ALJ's decision would not be changed. State agency consultants are "highly qualified medical sources who are also experts in the evaluation of medical issues in disability claims." SSR 17-2p, 2017 WL 3928306, at *3. Here, the ALJ's analysis of the evidence and adoption of the opinions of the State agency consultants provides a basis for this Court to find that the RFC assessment is supported by substantial evidence.

Ms. Pine's second argument is that the ALJ improperly relied on the opinions of non-examining State agency consultants because those opinions were not based on a review of the entire record. (ECF No. 15-1 at 8-9.) In support of this argument, Ms. Pine notes that the opinion of Dr. Hakkarinen was issued in February 2013 and the opinion of Dr. Biddison was issued in November 2013. Because both of these opinions were issued before Ms. Pine had an EMG/Nerve Conduction Study of her lower extremities in May 2014, the opinions necessarily did not consider the report generated from this study (Tr. 577-78.)

While Ms. Pine is correct that the State agency consultants did not consider a study conducted after they issued their reports, their opinions still provide insight to Ms. Pine's condition as of the dates of their reports. "A medical opinion is no less valid simply because it does not consider developments that may have occurred subsequent to its drafting." *Birch v. Comm'r, Soc. Sec. Admin.*, No. SAG-12-0078, 2013 WL 1927200, at *2 (D. Md. May 7, 2013). It is the ALJ's duty to take into account the entire record in determining a claimant's RFC. 20 C.F.R. §§ 404.1545(a), 416.945(a). Here, the ALJ considered the electrodiagnostic examination that was conducted in May 2014 and cited to the report prepared after the examination in the decision. (Tr. 16.) Because the ALJ considered the opinions of the State agency consultants as well as the medical evidence that was generated after their opinions were issued, Ms. Pine's argument is without merit. *See Davis v. Comm'r, Soc. Sec. Admin.*, No. SAG-12-0813, 2013 WL 1124589, at *2 (D. Md. March 18, 2013) (noting that an ALJ's consideration of reports prepared before all other medical evidence was received was appropriate, as was the consideration of the subsequent medical evidence).

For the reasons set forth herein, Ms. Pine's Motion for Summary Judgment (ECF No. 15) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 18) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                    Sincerely yours,

                                    /s/
                                Timothy J. Sullivan
                                United States Magistrate Judge